IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

PATRICK WILLIAM DARKO, )
)
Plaintiff, )
)
v. ) Civ. No. 14-1109-SLR
)
VARIABLE ANNUITY LIFE )
INSURANCE COMPANY, )
)
Defendant. )

**MEMORANDUM**

At Wilmington this 10th day of June, 2015, having reviewed defendant's motion for summary judgment (D.I. 10), and the papers filed in connection therewith; the court issues its decision as follows:

1. **Background.** On April 4, 2014, Patrick William Darko ("plaintiff") filed a complaint against Valid Annuity Life Insurance Company ("defendant") in the Court of Common Pleas for the State of Delaware to challenge defendant's refusal to grant plaintiff's January 25, 2014 request to release funds from two retirement accounts. (D.I. 1, ex. B) On August, 29 2014, defendant removed the action to this court pursuant to 28 U.S.C. §§ 1441 and 1446. (D.I. 1) Plaintiff alleges that between September 1991 and June 1997, Howard University placed his retirement funding into two accounts, which together contained $22,000. (D.I. 1, ex. B) Defendant, however, disputes plaintiff's claim and alleges that plaintiff's funds were already released in 1997 at the request of plaintiff. (D.I. 8) Defendant supports this allegation with two documents: (1) plaintiff's "Cash Distribution Request Form" (D.I. 8, ex. B), which indicates that plaintiff

requested release of the funds on September 5, 1997; and (2) "IRS 1099-R Form" (D.I. 8, ex. C), which indicates that the funds were released to plaintiff in 1997. The court has jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(a).

2. **Standard.** Because defendants have referred to matters outside the pleadings, defendant's motion for judgment on the pleadings shall be treated as a motion for summary judgment. See Fed. R. Civ. P. 12(d). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 415 U.S. 475, 586 n. 10 (1986). A party asserting that a fact cannot be—or, alternatively, is— genuinely disputed must be supported either by citing to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for the purposes of the motions only), admissions, interrogatory answers, or other materials," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) & (B). If the moving party has carried its burden, the nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 415 U.S. at 587 (internal quotation marks omitted). The Court will "draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

2

3. To defeat a motion for summary judgment, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586-87; *see also Podohnik v. U.S. Postal Service*, 409 F.3d 584, 594 (3d Cir. 2005) (stating party opposing summary judgment "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue") (internal quotation marks omitted). Although the "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment," a factual dispute is genuine where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (internal citations omitted); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (stating entry of summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial").

4. **Analysis.** Because one of plaintiff's accounts relates to an employee pension benefit plan, it is regulated under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461 ("ERISA"). (D.I. 1 at 3) Although plaintiff did not identify a specific cause of action, under ERISA, plaintiff's cause of action would be a claim for benefits under 29 U.S.C. § 1132(a)(1)(B).[1] Defendant contends that even though

---

[1] Under 29 U.S.C. § 1132(a)(1)(B), "[a] civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

3

ERISA provides no explicit statute of limitations for bringing a private cause of action, plaintiff's claims regarding both accounts are nonetheless time barred under all applicable statutes of limitations. (D.I. 11 at 4-5) The court finds defendant's reasoning persuasive.

5. Under Delaware law, the one-year statute of limitations under 10 Del. C. § 8111 applies to ordinary state claims for recovery of employee benefits[2] as well as to ERISA claims under 29 U.S.C. § 1132(a)(1)(B). *See Syed v. Hercules, Inc.*, 214 F.3d 155, 159 (3d Cir. 2000) (holding that the one-year statute of limitations found at 10 Del. C. § 8111 is applicable to claims for recovery of benefits under an ERISA plan). Further, a non-fiduciary claim, such as the claim at bar, accrues when a claim for benefits has been denied. *Miller v. Fortis Benefits Ins. Co.*, 475 F.3d 516, 520 (3d Cir. 2007). A formal denial of benefits, however, is not required and some "event other than a denial of a claim" may trigger the statute of limitations by clearly alerting the plaintiff that his entitlement to benefits has been repudiated. *Id.* at 520-21 (internal quotation marks omitted).

6. Although a dispute exists as to whether the funds were released or received, the dispute is not material as to the legal issue before the court, that is, whether the complaint was timely filed. In this regard, and assuming the funds were not released,

---

[2] Under 10 Del. C. § 8111:

> No action for recovery upon a claim for wages, salary, or overtime for work, labor or personal services performed, or for damages (actual, compensatory or punitive, liquidated or otherwise), or for interest or penalties resulting from the failure to pay any such claim, or for any other benefits arising from such work, labor or personal services performed or in connection with any such action, shall be brought after the expiration of 1 year from the accruing of the cause of action on which such action is based.

4

plaintiff's claim against defendant would have accrued when plaintiff allegedly failed to receive the account funds after submitting the "Cash Distribution Request Form" in 1997. (D.I. 8, ex. B; D.I. 15) When plaintiff submitted the "Cash Distribution Request Form," he requested "total surrender" of both retirement accounts. (D.I. 8, ex. B) Even if, as plaintiff alleges, the funds were never released, plaintiff would have been alerted to any non-compliance in the months[3] following his request, putting the date of accrual, at the latest, in 1998. Plaintiff's failure to receive funds after the submission of the distribution form qualifies as an "event other than a denial of a claim" and, therefore, triggers the statute of limitations.

7. Under 10 Del. C. § 8111, plaintiff is afforded one year from 1998 to bring a cause of action. Plaintiff's complaint was filed on April 4, 2014, far past the limitations period. (D.I. 1, ex. B) Plaintiff's claim is barred.[4]

8. **Conclusion.** For the aforementioned reasons, defendant's motion for summary judgment (D.I. 10) is granted. An order shall issue.

*[signature]*
United States District Judge

---

[3] Defendant asserts that plaintiff would have been aware that he did not receive funds within 30 to 60 days after making the request. (D.I. 11 at 5, n. 2)

[4] Even if the court were to apply Delaware's three-year statute of limitations for breach of contract claims, pursuant to 10 Del. C. § 8106(a), plaintiff's claim would still be time barred.

5